■ In the Matter of the Claim of ROSE KAPPES, Appellant, against REMINGTON RAND, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which disallowed a claim for death benefits on the ground that decedent's death was not related to an industrial accident. On May 10, 1940, while employed by the respondent employer, decedent sustained a heart attack in the nature of a myocardial infarction, which was found to have been the result of an industrial accident. Compensation was paid until November 15, 1942. He died May 11, 1953 on the premises of his then employer, not here involved. A cardiologist who had attended decedent for some years found the cause of death to be arteriosclerotic heart disease complicated by myocardial infarction, which he related to the 1940 accident by reason of a diminution of myocardial reserve. In 1949, the cardiologist reported " evidence of further progression of his disease, with the likelihood that he has had another myocardial infarct, probably small enough in extent not [to] have prostrated him ". Three physicians called by the employer found decedent's death unrelated to the 1940 accident. The medical evidence thus adduced was, further, that death was probably due to a coronary occlusion resulting from the natural progression of the basic arteriosclerosis antedating the attack in 1940 and two of the doctors stressed, in support of their conclusion that death was unrelated to the accident, the facts that 13 years elapsed between the date of the accident and the date of death and that decedent worked regularly from 1942 until the day he died. It is evident that the board's finding was supported by substantial medical evidence. Claimant relies upon *Matter of Yarkum* v. *Rosenblum & Weller* (308 N. Y. 842, revg. 283 App. Div. 572) which does not, however, aid her case for reversal of the decision. Although the facts in the case cited are somewhat similar to those here involved, there the Board made an award and the Court of Appeals held merely that there was substantial evidence to support it. Decision affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.